# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN ACHEY | ) | 1:08-cv-477 LJO GSA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER TO SHOW CAUSE** |
| | ) | |
| SYNTHES (U.S.A.), | ) | |
| | ) | |
| Defendant. | ) | |

On February 22, 2008, Plaintiff Steven Achey ("Plaintiff), a California resident, commenced a lawsuit in the Fresno County Superior Court (Case No. 08CECG00618 DSB), alleging three causes of action against Defendant Synthes U.SA. ("Defendant"). The first cause of action alleges violations of California Labor Code § 2802 for unreimbursed business expenses with damages estimated at $30,988.42, prejudgement interest, and costs.  The second cause of action alleges violations of California Labor Code §201(a) and §203 for waiting time penalties. In this cause of action Plaintiff alleges that he is entitled to 30 days of additional wages due to Defendant's failure to timely pay commissions owed to him.[1]  Finally, Plaintiff alleges violations of California Business and Professions  Code § 172000 et seq., for unfair business practices in which he also alleges damages in the amount of $30.988.42 and prejudgement interest.  In the

---

[1] In the Notice of Removal, Defendant estimate that 30 days of wages at Plaintiffs' regular pay rate of pay exceeds $13,024.20.  Notice of Removal filed April 4, 2008 at pg. 3 : 13-21 (Doc. 1).

1

1 prayer for relief, Plaintiff requests $30,988.42 in monetary damages, pre-and post-judgment
2 interest, attorney's fees, costs, and any other relief that the court deems just and proper.
3    On April 4, 2008, after filing an Answer, Defendants removed the action to this court.
4 Defendant argues that federal court jurisdiction is established by diversity of citizenship because
5 at the time of the filing of the action, Defendant was a citizen of Pennsylvania and Delaware and
6 the amount in controversy exceeds $75,000.00.  See, 28 U.S.C. § 1332.
7    On November 17, 2008, this court conducted a settlement conference.  Upon a closer
8 review of the case, it appears that federal court jurisdiction may not exist because the amount in
9 controversy does not exceed $75,000.00.  Accordingly, within (30) days of the date of this order,
10 Defendant shall show cause why the action should not be remanded back to the Fresno County
11 Superior Court.   Plaintiff shall also file a reply no later than 30 days after Defendant's response is
12 filed addressing whether federal court jurisdiction has been properly established.

13 **DISCUSSION**

14    Federal courts are courts of limited jurisdiction and lack inherent or general subject matter
15 jurisdiction.  Federal courts can adjudicate only those cases in which the United States
16 Constitution and Congress authorize them to adjudicate which are cases involving diversity of
17 citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is
18 between citizens of different states), or a federal question, or to which the United States is a party.
19 28 U.S.C. §§ 1331 and 1332; See also, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114
20 S.Ct. 1673, 1677 (1994); Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).
21    By statute "any civil action brought in a State court of which the district courts of the
22 United States have original jurisdiction, may be removed by the defendant or the defendants, to
23 the district court of the United States for the district and division embracing the place where such
24 action is pending." 28 U.S.C. § 1441(a).  Because of the "Congressional purpose to restrict the
25 jurisdiction of the federal courts on removal," the removal statute is strictly construed against
26 removal.  Shamrock Oil & Gas Corp.v. Sheets, 313 U.S. 100, 108-109 (1941); Duncal v. Stuetzle,
27 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal jurisdiction "must be rejected if there is any doubt as
28 to the right of removal in the first instance."  Duncal, 76 F.3d at 1485; Gaus v. Miles, Inc., 980

F.2d 564, 566 (9th Cir. 1992).  A defendant "has the burden of establishing that removal was proper."  <u>Duncal</u>, 76 F.3d at 1485; <u>Harris v. Provident Life and Accident Ins. Co.</u>, 26 F.3d 930, 932 (9th Cir. 1994).

If it is determined that the court lacks jurisdiction, the court is empowered to summarily remand this action:

> The United States district court in which such a notice [of removal] is filed shall examine the notice promptly.  If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.
> 28 U.S.C. § 1446(c)(4).

In the Notice of Removal, Defendant argued that the amount in controversy exceeds $75,000.00 when attorneys fees are added to the damages for each cause of action. However, Plaintiff's prayer for relief only seeks $ $30,988.42 in monetary damages, with prejudgement interest, attorney's fees, post judgment interest, and costs which appears to be well below the amount in controversy threshold.  The Ninth Circuit recently articulated which standards of proof and the factors the court must employ to determine if removal is appropriate.  <u>Guglielmino v. McKee Foods, Corp.</u>, 506 F. 3d 696, 699 (9th Cir. 2007); <u>See</u> <u>also</u>, <u>Singer v. State Farm Automobile Insurance Company</u>, 116 F. 3d 373 (9th Cir. 1997); <u>Gaus v. Miles, Inc.</u>, 980 F. 2d 564, 566-567 (9th Cir. 1992).  As such, the parties shall address these decisions in any responses filed.

## ORDER

For the reasons discussed above, IT IS HEREBY ORDERED :

Defendant shall respond to this Order to Show Cause within thirty (30 days) as outlined above.  Plaintiffs shall also file a reply no later than 30 days after Defendant files its response. Both parties shall address the amount in controversy and whether federal jurisdiction can be established in this case.  Failure to respond to this order may result in sanctions including, but not limited to, the court remanding this case back to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **December 12, 2008**         **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE